ACCEPTED
04-14-00744-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/26/2015 4:27:51 PM
KEITH HOTTLE
CLERK

**No. 04-14-00744-CV**

In the

# Fourth Court of Appeals District of Texas

San Antonio, Texas

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/26/2015 4:27:51 PM
KEITH E. HOTTLE
Clerk

*In the interest of*
B.C., ET AL.,
*minor children.*

PAUL C.,
*Appellant*

TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES,
*Appellee*

On appeal from the 131st Judicial District Court
Bexar County Texas
Trial Cause No. 2013-PA-01143

**BRIEF FOR THE TEXAS DEPARTMENT OF
FAMILY AND PROTECTIVE SERVICES**

**Oral Argument Waived**

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
Criminal District Attorney's Office
Bexar County, Texas
101 West Nueva Street, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the TDFPS*

<u>**IDENTITIES OF PARTIES AND COUNSEL**</u>

Pursuant to Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State supplements the following individual(s) to the list of parties and counsel:

**Nathan E. Morey**
*Assistant Criminal District Attorney*
*and Counsel on Appeal for the TDFPS*
State Bar No. 24074756
Criminal District Attorney's Office
Bexar County, Texas
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org

## TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ........................................................................ ii

TABLE OF CONTENTS ............................................................................................... iii

INDEX OF AUTHORITIES.............................................................................................v

STATEMENT OF THE CASE ..........................................................................................1

ISSUES PRESENTED....................................................................................................2

STATEMENT OF FACTS................................................................................................3

SUMMARY OF THE ARGUMENT ...................................................................................5

| | | |
|---|---|---|
| **First Point of Error:** | The evidence is legally and factually insufficient to support the trial court's order terminating parental rights pursuant to subsections 161.001(1)(B) and (C). ..........................5 | |
| **State's Response:** | The evidence was legally and factually sufficient because the trial court could draw a reasonable inference that Appellant voluntarily abandoned the children based on the shear amount of time Appellant was out of the picture. Furthermore, the law does not require Appellant to affirmatively express an intent not to return; the absence of an expression is sufficient by itself according to the statute. ...............5 | |
| **Second Point of Error:** | The evidence is legally and factually insufficient to support the trial court's order terminating parental rights pursuant to subsection 161.001(1)(O). ......................................5 | |
| **State's Response:** | The evidence was legally and factually sufficient because the children were removed from both the parents pursuant to Chapter 262 on May 22, 2013. Additionally, the only reason Mary had possession of the children when they were physically seized was because Raquel had subjected them to neglect some years earlier...............................5 | |

A<small>RGUMENT</small> ...........................................................................................6

    *Standard of Review* ..................................................................6

    *Applicable Law: Family Code, subsections 161.001(1)(B), (C), & (O)*............6

    *Application of the Law to the Present Record* ....................................7

P<small>RAYER</small> ..................................................................................11

C<small>ERTIFICATE OF</small> S<small>ERVICE</small> ...................................................................12

C<small>ERTIFICATE OF</small> C<small>OMPLIANCE</small> ..............................................................12

# INDEX OF AUTHORITIES

**Statutes:**

TEX. FAM. CODE § 161.001(1)(B)................................................................ 1, 6, 8

TEX. FAM. CODE § 161.001(1)(C)................................................................1, 7

TEX. FAM. CODE § 161.001(1)(O)................................................................ 1, 7, 9

TEX. FAM. CODE § 161.001(2) ........................................................................1

TEX. FAM. CODE § 161.206(a) ........................................................................6

TEX. FAM. CODE § 262.104 ........................................................................3, 10

TEX. FAM. CODE § 262.201 ..........................................................................10

TEX. FAM. CODE § 262.205 ..........................................................................10

**Cases:**

*In re C.H.*,
  89 S.W.3d 17 (Tex. 2002) ....................................................................6

*In re D.R.J.*,
  395 S.W.3d 316 (Tex. App.—Fort Worth 2013, no pet.) .............................11

*In re J.F.C.*,
  96 S.W.3d 256 (Tex. 2002) ................................................................6, 8

*In re R.M.*,
  180 S.W.3d 874 (Tex. App.—Texarkana 2005, no pet.) ............................7, 8

**Rules:**

TEX. R. APP. P.   9.4(i)(2)(B)........................................................................12

TEX. R. APP. P.   9.4(i)(3) ............................................................................12

TEX. R. APP. P.    9.5(b) ..............................................................................12

TEX. R. APP. P. 26.1(b)..................................................................................1

TEX. R. APP. P. 38.2(a)(1)(A) .......................................................................ii

TO THE HONORABLE FOURTH COURT OF APPEALS:

Now comes the Texas Department of Family and Protective Services, hereinafter referred to as "Department," by and through Nicholas "Nico" LaHood, criminal district attorney of Bexar County, Texas, and the undersigned assistant criminal district attorney, with the filing of the following brief:

## STATEMENT OF THE CASE

The trial court signed and entered an order terminating the parental rights of Paul C., hereinafter referred to as Appellant (C.R. at 268–76). The trial court found that termination was in the children's best interest and that Appellant had voluntarily left the in the possession of another without expressing an intent to return and without providing for the adequate support of the child, and that Appellant had failed to complete her court ordered service plan (C.R. at 271–73). *See* TEX. FAM. CODE §§ 161.001(1)(B), (C) & (O); *id.* at § 161.001(2). Appellant timely filed a notice of appeal (C.R. at 283). *See* TEX. R. APP. P. 26.1(b).

## ISSUES PRESENTED

**First Issue:**   Is the evidence legally and factually sufficient to support termination pursuant to Texas Family Code section 161.001(1)(B) or (C)?

**Second Issue:**   Is the evidence legally or factually sufficient to support termination pursuant to Texas Family Code section 161.001(1)(O)?

## STATEMENT OF FACTS

According to the affidavit that accompanied the original petition, Appellant's wife, Raquel C., left B.C., P.C., and A.C. alone for several hours in September 2008 (C.R. at 15).[1] The children were placed with their maternal aunt, Mary Paredez and her boyfriend, Enrique Villanueva (C.R. at 16). Mary was appointed managing conservator of the three children in November 2009 (C.R. at 16). In May 2013, the Department responded to Mary's and Enrique's home because allegedly B.C. had been sexually abused by Mary's biological son (C.R. at 14–15, 16–17). According to the allegations, Mary and Enrique were forcing B.C. to dig a hole in the back yard because they blamed her for prompting their son to commit suicide (C.R. at 14). B.C. was immediately removed by a Department caseworker (C.R. at 22). *See* TEX. FAM. CODE § 262.104. The Department filed a petition to terminate parental rights and the remaining children were removed (C.R. at 1–13, 43–53).

After a hearing, the trial court entered temporary orders against both parents and Mary (C.R. at 43). The order named Appellant as temporary possessory conservator subject to court limitations (C.R. at 45–46). The Department was named as temporary managing conservator (C.R. at 45). Mary, Enrique, Raquel,

---

[1] According to an unsworn CASA report, Appellant was incarcerated for impersonating a police officer when the children were initially removed from Raquel in 2008 (C.R. at 150).

and Appellant were all subsequently assigned family service plans (C.R. at 47, 75 [Mary & Enrique], 93 [Raquel], 117 [Appellant]).

Appellant did not attend the termination trial (R.R. at 4). During trial, the Department's caseworker testified that Appellant and Raquel had very little contact with the children from the initial removal in 2008 through the commencement of the present case in 2013 (R.R. at 9, 21). The parents did not take advantage of court ordered visitation or provide any support for the children (R.R. at 9). Appellant told his caseworker that he did not visit the kids (R.R. at 23). Neither parent completed the court-ordered family service plan, although Appellant did complete his parenting class and initiated his therapy sessions (R.R. at 10, 38). According to the caseworker, Appellant has not expressed an intent to return to his children (R.R. at 37). The caseworker believes that all three kids would like Appellant's rights terminated (R.R. at 13, 19).

Enrique testified that he and Mary would like to adopt P.C. and A.C. (C.R. at 42). Enrique said that Appellant has tried to contact the kids, but without "proper authorization" by the court (C.R. at 42). A.C. and P.C. would like to be adopted by Mary and Enrique and would like to have their last name changed to Villanueva (C.R. at 42).

## SUMMARY OF THE ARGUMENT

**First Point of Error:** The evidence is legally and factually insufficient to support the trial court's order terminating parental rights pursuant to subsections 161.001(1)(B) and (C).

**State's Response:** The evidence was legally and factually sufficient because the trial court could draw a reasonable inference that Appellant voluntarily abandoned the children based on the shear amount of time Appellant was out of the picture. Furthermore, the law does not require Appellant to affirmatively express an intent not to return; the absence of an expression is sufficient by itself according to the statute.

---

**Second Point of Error:** The evidence is legally and factually insufficient to support the trial court's order terminating parental rights pursuant to subsection 161.001(1)(O).

**State's Response:** The evidence was legally and factually sufficient because the children were removed from both the parents pursuant to Chapter 262 on May 22, 2013. Additionally, the only reason Mary had possession of the children when they were physically seized was because Raquel had subjected them to neglect some years earlier.

## ARGUMENT

### *Standard of Review*

An order terminating parental rights must be supported by clear and convincing evidence. TEX. FAM. CODE § 161.206(a). Evidence is legally and factually sufficient on appeal if "a factfinder could reasonably form a firm belief or conviction about the truth of the matter on which the State bears the burden of proof." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002); *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). A legal sufficiency review requires the appellate court to review the evidence in a light most favorable to the trial court's order giving appropriate deference to the factfinder's conclusions. *J.F.C.*, 96 S.W.3d at 266. Factual sufficiency review requires the appellate court to consider whether "disputed evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *Id.* (citing *C.H.*, 89 S.W.3d at 25).

### *Applicable Law: Family Code, subsections 161.001(1)(B), (C), & (O)*

"The court may order termination of the parent-child relationship if the court finds by clear and convincing evidence: (1) that the parent has: (B) voluntarily left the child alone or in the possession of another not the parent without expressing an intent to return, without providing for the adequate support of the child, and remained away for a period of at least three months." TEX. FAM. CODE § 161.001(1)(B). Similarly, "[t]he court may order termination of the parent-child

relationship if the court finds by clear and convincing evidence: (1) that the parent has: (C) voluntarily left the child alone or in the possession of another without providing adequate support of the child and remained away for a period of at least six months." *Id.* at § 161.001(1)(C).

A court may also order termination if "the parent has: (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child." *Id.* at § 161.001(1)(O).

### *Application of the Law to the Present Record*

**The evidence is legally and factually sufficient to support termination under subsections 161.001(1)(B) and (C).**

Appellant does not dispute that Appellant voluntarily left the children in the possession of another (Appellant's Brief at 8). Instead, Appellant argues that the evidence is insufficient because the record fails to show that Appellant "made an affirmative expression of his intent not to return" (Appellant's Brief at 9). For this proposition, Appellant relies on *In re R.M.*, 180 S.W.3d 874 (Tex. App.— Texarkana 2005, no pet.). *R.M.* does not support this proposition. To the contrary,

the Texarkana Court of Appeals found that the Department failed to prove the parent's failure to provide adequate support because the parent consented to a custodial arrangement where the children were adequately cared for. *Id.* at 877–78. The clear statutory terms of subsection 161.001(1)(B) indicate that an affirmative expression is not required because the statute states: "… *without expressing an intent to return*." TEX. FAM. CODE § 161.001(1)(B). The present record shows that Appellant did not express an intent to return (R.R. at 38).

Appellant also argues that the evidence is insufficient because Appellant did not need to personally support the children; he only needed to make, or consent to, adequate arrangements for support (Appellant's Brief at 9–10). Here, the record does not show that Appellant facilitated or consented to any arrangement whatsoever between him and Mary and Enrique. The record shows that Appellant simply left—for quite a long time. Accordingly, the trial court's findings pursuant to subsections 161.001(1)(B) and 161.001(1)(C) should be affirmed. *See J.F.C.*, 96 S.W.3d at 266 ("In a factual sufficiency review, as we explained in *In re C.H.*, a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing.").

**The evidence is legally and factually sufficient to support termination under subsection 161.001(1)(O).**

In this ground, Appellant argues that the evidence is legally insufficient because the children were not physically seized from either his or Raquel's custody in May 2013 and that neither parent was directly responsible for the abuse or neglect (Appellant's Brief at 12–13). A reading of subsection 161.001(1)(O) indicates that neither of these scenarios are required. The elements of subsection 161.001(1)(O) can be broken down as follows: "[**1**] fail[ure] to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child [**2**] who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services [**3**] for not less than nine months [**4**] as a result of the child's removal from the parent under Chapter 262 [**5**] for the abuse or neglect of the child." TEX. FAM. CODE § 161.001(1)(O) (alterations added). Appellant does not dispute that the Department satisfied the first, second, third, or fifth element; he disputes that the children were not removed from a parent under Chapter 262.

In the present case, all the children were removed from both parents on May 22, 2013 when the trial court signed an order pursuant to section 262.205 (C.R. at 43). It is true that B.C. was "removed" from Mary's actual custody pursuant to section 262.104, as stated by the trial court's May 10, 2013 order (C.R. at 27). However, a reading of subsection 161.001(1)(O) indicates that it is triggered by any removal under Chapter 262. *See id.* at § 161.001(1)(O) ("… as a result of the

child's removal from the parent under *Chapter 262* for the abuse or neglect of the child." (emphasis added)).  The Department's actions of taking possession of B.C. from Mary qualified as a "removal under Chapter 262"—specifically, section 262.104.  *See id.* at 262.104(a) ("… an authorized representative of the Department of Family and Protective Services, a law enforcement officer, or a juvenile probation officer *may take possession of a child* without a court order under the following conditions …").  Likewise, the trial court's May 22, 2013 order was a "removal under Chapter 262"—specifically, section 262.205—because it deprived both parents of possessory rights to all three children (C.R. at 43–53).  *See id.* at § 262.205(b) ("After the hearing, the court may grant the request to *remove the child from the parent*, managing conservator, possessory conservator, guardian, caretaker, or custodian entitled to possession of the child if the court finds …").[2]

Furthermore, the record indicates—and Appellant does not dispute this on appeal—that the children were only with Mary because of Raquel's neglect some years earlier (R.R. at 21; C.R. at 15–16).  In any event, the plain language of subsection 161.001(1)(O) does not limit the term "removal" to any particular section or subchapter within Chapter 262.  Because Appellant's possessory rights

---

[2]    It appears from the record that B.C. was removed on May 8, 2013 pursuant to section 262.104.  The Department's initial affidavit states that "an exigent removal was performed" (C.R. at 15).  The amended affidavit indicates that P.C. and A.C. were left with Mary (C.R. at 22).  Accordingly, the hearing on May 22, 2013 appears to have been conducted pursuant to section 262.201 as to B.C., and pursuant to section 262.205 as to P.C. and A.C. (C.R. at 29, 43).  Whether the trial court removes the children under section 262.201 or section 262.205 is inconsequential to a determination under subsection 262.001(1)(O).

were limited by court order pursuant to Chapter 262, the children were "removed" from him under the law and the trial court's finding under subsection 161.001(1)(O) should be affirmed. *See, e.g.*, *In re D.R.J.*, 395 S.W.3d 316, 319–20 (Tex. App.—Fort Worth 2013, no pet.) (finding sufficient evidence to support a finding that D.R.J. was properly removed from grandmother's house due to abuse by mother's sibling).

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellee Department prays the Court overrule Appellant's points of error and affirm the trial court's Order of Termination.

Respectfully submitted,

NICHOLAS "NICO" LAHOOD
*Criminal District Attorney*
Bexar County, Texas

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva Street, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorneys for the State of Texas*

## CERTIFICATE OF SERVICE

I, Nathan E. Morey, hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.5(b), a true and correct copy of the above and forgoing brief was emailed to James Peplinski on Thursday, February 26, 2016.

## CERTIFICATE OF COMPLIANCE

I, Nathan E. Morey, certify that, pursuant to Texas Rules of Appellate Procedure 9.4(i)(2)(B) and 9.4(i)(3), the above response contains 2,928 words according to the "word count" feature of Microsoft Office.

/s/ *Nathan E. Morey*

NATHAN E. MOREY
*Assistant Criminal District Attorney*
State Bar No. 24074756
101 West Nueva, Suite 370
San Antonio, Texas 78205
Voice: (210) 335-2414
Fax: (210) 335-2436
Email: nathan.morey@bexar.org
*Attorney for the State of Texas*

cc: JAMES B. PEPLINSKI
*Attorney at Law*
State Bar No. 24010294
15751 Knollbranch
San Antonio, Texas 78247
Voice: (210) 416-1129
Fax: (210) 829-5432
Email: jpeplinski@satx.rr.com
*Attorney for Appellant*